UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOLLY DEPALMA,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:26-CV-1734-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Holly DePalma's Motion to Remand. (Doc. 9). After due consideration, the Court **GRANTS** the motion.

This case arises out of an insurance coverage dispute. DePalma argues that Nationwide Property & Casualty Insurance Co. (Nationwide) breached its contract of insurance and violated Chapters 541 and 542 of the Texas Insurance Code, including acting in bad faith. In her complaint, DePalma expressly stated that she "seeks damages of less than $75,000 including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees."[1] Nationwide removed the case to this Court.[2] DePalma now moves to remand this matter to state court.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial

[1] Doc. 1-1 at 5.

[2] Doc. 1.

decree[.]"[3] "Without jurisdiction the court cannot proceed at all in any cause."[4] To establish diversity jurisdiction , there must be 1) total diversity between the parties and 2) the amount in controversy must exceed $75,000.[5]

The removing party bears the burden of establishing subject matter jurisdiction and that removal is proper.[6] All doubts are resolved in favor of remand.[7]

A plaintiff may conclusively avoid removal by expressly limiting recovery to or seeking less than $75,000 in a state complaint.[8] Here, DePalma's complaint plainly states that she "seeks damages of less than $75,000 including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees."[9] So this Court lacks jurisdiction over this case and must remand it.

The Court has discretion to order Nationwide to pay DePalma "just costs and actual expenses, including attorney fees, incurred as a result of" improper removal.[10] To warrant such that award, Nationwide must have "lacked an objectively reasonable basis for seeking removal."[11] Here, it was plain from the complaint that DePalma seeks damages of less than $75,000. This unambiguously bound DePalma's recovery

---

[3] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (cleaned up).

[4] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (cleaned up).

[5] 28 U.S.C. § 1332

[6] *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

[7] *Id.*

[8] *Richard v. Time Warner Cable Media, Inc.*, 960 F. Supp. 2d 659, 662 (N.D. Tex. 2013) (Lynn, J.) (finding remand improper where plaintiff's state complaint says that "he seeks a judgment not to exceed $74,000.00" (cleaned up)).

[9] Doc. 1-1 at 5.

[10] 28 U.S.C. § 1447(c).

[11] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

below the amount in controversy threshold. Accordingly, it was objectively unreasonable for Nationwide to remove.[12]

Accordingly, the Court **GRANTS** the motion. The Court **REMANDS** this case to the 160th District Court of Hidalgo County, Texas. The Court further **ORDERS** Nationwide to pay DePalma's reasonable attorneys' fees and costs as a result of this removal.

DePalma shall submit by affidavit documents establishing such fees within twenty-done days of the date of this Order. Nationwide may dispute the amount sought within seven days thereafter.

**IT IS SO ORDERED** this 13th day of August, 2026.



BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[12] *See Richard*, 960 F. Supp, 2d at 664.