UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOLLY DEPALMA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:26-CV-1734-X |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Holly DePalma's Affidavit of Attorney's Fees and Costs. (Doc. 24). Defendant Nationwide Property and Casualty Insurance Company (Nationwide) did not respond to the affidavit, so the Court treats it as unopposed. The Court's remand order awarded attorney's fees and costs, so this Order determines the amount to which DePalma is entitled.[1] Having considered the affidavit and the applicable law, the Court **ORDERS** Nationwide to pay DePalma $2,000 in attorney's fees. DePalma does not seek costs, so the Court does not award any costs.[2]

"Once the district court concludes that a party is entitled to attorneys' fees, it must utilize the lodestar method to determine the amount to be awarded."[3] The lodestar method requires the Court to "determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating

[1] Doc. 23 at 3.

[2] Doc. 24 at 3.

[3] *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997).

attorneys, and then multiply the two figures together to arrive at the lodestar."[4] After calculating the lodestar, the Court may adjust that number "upward or downward, depending on the circumstances of the case."[5]

DePalma seeks $2,000 in attorney's fees and provided the Court with a table detailing each hour billed.[6] DePalma's attorney billed four hours at $450 per hour, and her paralegal billed one hour at $200 per hour related to the removal and remand.[7] In her declaration, DePalma's attorney asserts that the hours worked were necessary and that both her hourly rates and the paralegal's hourly rates are reasonable based on her "education, training, experience, familiarity with the legal services performed in this matter, and knowledge of rates charged for comparable legal services."[8] Nationwide does not dispute that the hourly rates are reasonable, the amount of hours worked, or the total amount that DePalma's affidavit presents.

Accordingly, the Court finds DePalma's request for $2,000 is reasonable under the lodestar method. The Court **ORDERS** Nationwide to pay DePalma $2,000 in attorney's fees.

**IT IS SO ORDERED** this 2nd day of November, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[4] *Id.* (cleaned up).

[5] *Id.*

[6] Doc. 24-1 at 1.

[7] *Id.*

[8] Doc. 24 at 3.